# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0276, <u>Shirley Donahue v. Ronald Vieira</u>, the court on October 19, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  The defendant, Ronald Vieira, appeals a judgment in the amount of $2,663 plus costs entered by the Circuit Court (<u>Murray</u>, J.), following a hearing, in favor of the plaintiff, Shirley Donahue, on her small claim for damages caused by the defendant's improper installation of a dish washer.  We construe the defendant's brief to be challenging the sufficiency of the evidence to support the judgment, both in terms of his liability for, and the amount of, the damages awarded.  We affirm.

We will uphold the trial court's findings and conclusions unless they lack evidentiary support or are tainted by error of law.  <u>Syncom Indus. v. Wood</u>, 155 N.H. 73, 82 (2007).  The question is not whether we would have found differently, but rather, whether a reasonable person could have found as the trial judge did based upon the same evidence.  <u>See</u> <u>Barrows v. Boles</u>, 141 N.H. 382, 396 (1996).  It is the burden of the appealing party, here the defendant, to provide a record that is sufficient to address the issues he raises.  <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).  Absent a transcript, we assume that the evidence was sufficient to support the trial court's findings, and review its decision for errors of law only.  <u>See</u> <u>id</u>.; <u>Atwood v. Owens</u>, 142 N.H. 396, 396-97 (1997).  In this case, the defendant has not provided a trial transcript.  Under these circumstances, we assume that the evidence supports the trial court's findings, and, discerning no error of law on the face of the trial court's narrative order, we uphold its decision.

<u>Affirmed</u>.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**